UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ORLANDO LE-BRON, SR.,

        Plaintiff,

v.                                             Case No. 08-C-447

WISCONSIN DEPT. OF CORRECTIONS., et al.,

        Defendants.

**ORDER**

Plaintiff Orlando Le-Bron has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. The bulk of plaintiff's claims appear to arise out of his incarceration at Fox Lake Correctional Institution during early 2007 (he

is not currently incarcerated).[1] He alleges he was due to be transferred to a minimum security facility but that the transfer fell through after he was written up for use of intoxicants. The infraction occurred after plaintiff refused to give a urine sample within two hours of the sample request. Plaintiff asserts that he was not using intoxicants but refused to give the sample as a means of getting staff to remove him from his cell, where he alleges his cell-mate had been assaulting him. The urine test later came back negative, but evidently plaintiff's refusal to produce a sample was the cause of the prison's "guilty" finding as to his use of intoxicants.

Plaintiff asserts that this chain of events violated his liberty because he failed to get the transfer to minimum security he believes he was due – instead, he was soon transferred to medium security at Oshkosh Correctional. Inmates, however, have no liberty interest in a given level of security or custody unless a change in custody would effectuate a significant and atypical hardship in relation to the ordinary incidents of prison life. *Sandin v. Conner,* 515 U.S. 472, 483-84 (1995). For example, in *Wilkinson v. Austin,* the Supreme Court found that inmates did have a liberty interest in avoiding confinement at Ohio's "Supermax" prison, where they were confined to a cell 23 hours a day. 545 U.S. 209, 222-24 (2005). But that is the exception: courts have not found any due process rights involved in transfers of inmates between medium or minimum security, and here the claim is even weaker because plaintiff was simply transferred from one medium security facility to another. Put another way, there is no constitutional "right" to receive a transfer to minimum security, and thus the prison was not obliged to comply with due process when it transferred the plaintiff to a medium security prison. As such, the issues involved with plaintiff's discipline and

---

[1] The plaintiff has hand-written part of the complaint and attached a typewritten memorandum entitled "complaint." They appear to set forth the same issues, but for clarity the court is relying on the typewritten text for the basis of this decision.

2

any evidence as to his guilt or innocence of the use of intoxicants do not give rise to a federal constitutional claim.

The complaint also sets forth other claims involving the plaintiff's medical care and a social worker who made allegedly racist remarks to him. These claims will be dismissed without prejudice. A federal civil complaint is not a catch-all for a plaintiff's "list of grievances" against anyone he believes wronged him. Instead, to be joined in a single action claims must have a commonality, either as to subject matter or parties sued. Fed. R. Civ. P. 18, 19. The additional claims the plaintiff brings involve individuals at Oshkosh Correctional who were uninvolved in the due process claim discussed above. The claims against them therefore are not properly joined in this action. *George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) ("Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits.")

In sum, the motion to proceed *in forma pauperis* is **DENIED**; any claims arising out of plaintiff's failure to be transferred to minimum security are **DISMISSED** with prejudice. All other claims are dismissed without prejudice for improper joinder.

**SO ORDERED** this   27th   day of May, 2008.

   s/ William C. Griesbach
  William C. Griesbach
  United States District Judge